IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| VICKIE WOODWARD, | * | |
| Plaintiff, | * | |
| v. | * | CV 118-032 |
| JIM HUDSON LUXURY CARS, INC., | * | |
| Defendant. | * | |

**O R D E R**

Before the Court are Defendant's motions to strike Plaintiff's statement of material disputed facts (Doc. 29) and sur-reply brief (Doc. 34). Defendant argues neither filing is permitted under the Court's Local Rules.

Beginning with Defendant's motion to strike Plaintiff's statement of disputed material facts, the Court finds Defendant's argument unpersuasive. Neither Federal Rule of Civil Procedure 56 nor Local Rule 56.1 precludes a party opposing summary judgment from filing a statement of disputed material facts as long as the statement contains evidentiary support. (See FED. R. CIV. P. 56; LR 56.1, SDGa.) As stated in the Court's notice to Plaintiff upon Defendant filing its motion for summary judgment, "If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material

Facts which also sets forth facts supported by evidence." (Notice, Doc. 23.) Moreover, Courts in the district have recognized a non-movants' ability to file a statement of disputed material facts. See, e.g., Jones Creek Inv'rs, LLC v. Columbia Cty., 98 F. Supp. 3d 1279, 1283 n.1 (S.D. Ga. 2015); Powell v. Scott, No. CV412-004, 2013 WL 4039385, at *3 n.4 (S.D. Ga. Aug. 7, 2013); Hosp. Res. Personnel, Inc. v. United States, 860 F. Supp. 1557, 1559 (S.D. Ga. 1994), *aff'd in part and vacated in part*, 68 F.3d 421 (11th Cir. 1995). Accordingly, the Court allows Plaintiff's statement of disputed material facts.

Next, Defendant moves to strike Plaintiff's sur-reply. In response, Plaintiff correctly points out that the Southern District of Georgia maintains an "unlimited reply brief policy." (Resp. Opp'n Mot. to Strike Sur-Reply, Doc. 35.) Linthicum v. Mendakota Ins. Co., No. CV415-023, 2015 WL 4567106, at *4 n.4 (S.D. Ga. July 28, 2015). Following Plaintiff's response, Defendant, apparently conceding the point, filed its own sur-reply. The Court concludes that the Local Rules do not preclude the filing of sur-replies.

Finally, the Court must note actual deficiencies under the Local Rules not raised. Pursuant to Local Rule 7.6, "A party intending to file a reply brief shall immediately so notify the Clerk and shall serve and file the reply within fourteen (14) calendar days of service of the opposing party's last brief."

2

Defendant filed and served its reply brief supporting its motion for summary judgment on April 1, 2019. (Doc. 31.) Plaintiff filed the sur-reply brief in question on April 29, 2019 (Doc. 33), outside the fourteen-day deadline required in Local Rule 7.6.

Following Plaintiff's response, seemingly recognizing the Court's acceptance of sur-reply briefs, Defendant filed its sur-reply brief on May 20, 2019.[1] (Doc. 36.) Because Plaintiff filed and served its sur-reply on April 29, 2019, the Local Rules required Defendant to file its sur-reply on or before May 13, 2019. Therefore, both sur-replies were untimely. Considering that no party objected to the timeliness of the sur-replies and the Court's unlimited reply brief policy, the Court will reluctantly consider the sur-reply briefs.

Based on the foregoing, Defendant's motions to strike Plaintiff's statement of disputed material facts (Doc. 29) and sur-reply brief (Doc. 34) are **DENIED**. Defendant shall **SUBMIT** its responses to Plaintiff's statement of disputed material facts within **SEVEN (7) DAYS** of the date of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of September, 2019.

/s/ J. Randal Hall
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Defendant also failed to file a notice of its intent to file a sur-reply as required. See LR 7.6, SDGa.

3